UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA BROWN,

    Plaintiff,

v.                                            Case No.:  8:23-cv-1020-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Melissa Brown seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

**C.     Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits on July 27, 2020, alleging disability beginning on June 30, 2020. (Tr. 14, 56, 230-31, 236). The application was denied initially and on reconsideration. (Tr. 56, 73). Plaintiff requested a hearing, and on September 6, 2022, a hearing was held before

Administrative Law Judge Glen H. Watkins ("ALJ"). (Tr. 36-55). On September 20, 2022, the ALJ entered a decision finding Plaintiff not under a disability from June 30, 2020, through the date of the decision. (Tr. 14-25).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on March 30, 2023. (Tr. 3-8). Plaintiff filed a Complaint (Doc. 1) on May 8, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14).

    **D.**    **Summary of ALJ's Decision**

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2025. (Tr. 16). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2020, the alleged onset date. (Tr. 16). At step two, the ALJ found that Plaintiff had the following severe impairments: "major depressive disorder; posttraumatic stress disorder; anxiety disorder; migraine headaches; degenerative disc disease; and seizure disorder." (Tr. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift up to 20 pounds occasionally, lift and carry up to 10 pounds frequently and light work as defined by the Regulations. The claimant can stand or walk for approximately 6 hours and sit for approximately 6 hours per 8-hour workday with normal breaks. The claimant can never climb ladders, ropes, or scaffolds, and can occasionally perform all other postural activities including climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. The claimant must avoid concentrated exposure to hazards. The claimant can understand, remember, carryout and perform simple routine tasks and instructions with reasoning level 1 or 2. The claimant can have occasional contact with the public.

(Tr. 20).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work as actually or generally performed. (Tr. 23). At step five, the ALJ found that considering Plaintiff's age (43 years old on the alleged disability onset date), education (limited), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 23-24). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) Laundry sorter, DOT 361.687-014,[1] light, SVP 2

(2) Folder, DOT 369.687-018, light, SVP 2

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

>  (3)  Garment bagger, DOT 920.687-018, light, SVP 1

(Tr. 24). The ALJ concluded that Plaintiff had not been under a disability from June 30, 2020, through the date of the decision. (Tr. 24).

## II.  Analysis

> On appeal, Plaintiff raises two issues:
>
> (1)  Whether the ALJ failed to develop the record; and
>
> (2)  Whether the ALJ's RFC assessment was supported by substantial evidence because the RFC failed to properly account for Plaintiff's migraine headaches.

(Doc. 24, p. 3). The Court begins with the second issue.

### A.  **Migraine Headaches**

Plaintiff contends that the ALJ found Plaintiff's migraine headaches to be a severe impairment at step two of the sequential evaluation, but failed to account for the severity, frequency, and duration of these headaches in Plaintiff's RFC assessment. (Doc. 24, p. 6). In response, the Commissioner argues that the limitations in the RFC reasonably accommodate any limitations caused by Plaintiff's impairments, including her migraine headaches. (Doc. 27, p. 9). After review of the record and the parties' arguments, the Court finds Plaintiff's argument has merit.

Plaintiff was diagnosed with migraine headaches, and on many occasions, Plaintiff saw neurologist Hassan Bitar, M.D. or a medical provider in his office, complaining of, among other things, migraine headaches. (Tr. 1278; 1268,

(migraines 1-2 times per week); 1271; 1274; 1285 (1 migraine a month)). She was prescribed various medication regimens to attempt to alleviate the migraines. (Tr. 1269, 1272, 1274, 1280, 1285, 1293).

In the decision at step two, the ALJ found Plaintiff had severe impairments, including migraine headaches. (Tr. 16). By definition and as the ALJ noted, severe impairments "significantly limit the ability to perform basic work activities as required by SSR 85-28." (Tr. 16); *see* 20 C.F.R. § 404.1520(c).

In the decision, the ALJ acknowledged Plaintiff's reports of migraines and her treatment by various medical providers for this complaint. (Tr. 21-23). He also found that due to seizures and migraines, Plaintiff must avoid concentrated exposure to hazards. (Tr. 23). But this limitation does not explain why he failed to address how this severe impairment, which caused severe, frequent, and long-lasting headaches, affected Plaintiff's RFC assessment. *See Spilka v. Kijakazi*, No. 8:21-cv-1983-WFJ-TGW, 2022 WL 4072434, at *3 (M.D. Fla. Aug. 18, 2022), *report and recommendation adopted*, No. 8:21-cv-1983-WFJ-TGW, 2022 WL 4017088 (M.D. Fla. Sept. 2, 2022) (collecting cases). The ALJ also failed to account for the effect of this severe impairment of migraine headaches on her ability to: maintain concentration during some workdays; continue working in bright lights; or not exceed allowable absences or off-task time. *See Raduc v. Comm'r of Soc. Sec.*, 380

F. App'x 896, 898 (11th Cir. 2010) (failing to accommodate the symptoms of a severe impairment in an RFC without explanation constitutes reversible error).

Even though the ALJ found migraines a severe impairment at step two, later in the decision the ALJ appeared skeptical of Plaintiff's allegations of disabling migraines. (Tr. 21-23). He noted that none of the treatment records suggest any signs of headaches during office visits, her examinations showed no acute distress, and she was fully oriented. (Tr. 21-23). "As for migraines, the undersigned does acknowledge that the records report subjective reports of waxing and waning symptoms, but the records are devoid of any signs of a headache despite the frequent occurrences alleged." (Tr. 23). Because the ALJ found migraine headaches a severe impairment at step two, he needed to articulate what significant limitations to work activity were caused by this impairment, or state that this impairment was non-severe. *Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021) (citing *Battles v. Colvin*, No. 8:15-cv-339-T-33TGW, 2016 WL 3360428, at *3 (M.D. Fla. May 20, 2016), *report and recommendation adopted sub nom. Battles v. Comm'r of Soc. Sec.*, No. 8:15-CV-339-T-33TGW, 2016 WL 3258423 (M.D. Fla. June 14, 2016). The ALJ cannot have it both way, in other words he had to reconcile the inconsistency in the decision. *Id.*

The Court should not be left to speculate about the functional impact this severe impairment causes and whether such was included in the RFC. *Nance*, 2021

WL 4305093, at *5. Remand is warranted given the ALJ's failure to address the alleged significant limitations to work activity caused by migraine headaches in the RFC assessment.

### B. Remaining Issue

Plaintiff also challenges whether the ALJ properly developed the record. Rather than deciding this issue, because this action is remanded on other grounds that may affect the remaining issue, on remand, the Commissioner is directed to reconsider this issue as well.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's migraine headaches, and specifically address his findings about the frequency, duration, and severity of the migraines, and how this impairment impacts the RFC assessment. The Commissioner should also reconsider whether the record needs further development. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2024.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties